# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EDDIE McGREW,<br><br>      Plaintiff,<br><br>vs.<br><br>CLARK COUNTY DETENTION CENTER, *et al.*,<br><br>      Defendants. | 3:08-cv-00058-LRH-RAM<br><br>ORDER |

This subject of this closed action is a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, filed by Eddie McGrew, a Nevada state prisoner. On October 14, 2008, the Court entered an order dismissing this action for failure to state a claim. (Docket #25). Judgment was entered on October 15, 2008. (Docket #26). Before the Court is plaintiff's motion for reconsideration. (Docket #27).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994). Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the

>judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In the instant case, plaintiff filed a complaint alleging deliberate indifference to medical needs. The Magistrate Judge reviewed the complaint, and by order filed May 8, 2008, informed plaintiff of the deficiencies of his complaint. (Docket #14). Plaintiff was granted an opportunity to file an amended complaint. (*Id.*). Plaintiff filed an amended complaint. (Docket #22). In the amended complaint, plaintiff once again alleged what amounted to, at most, a claim of negligence, which does not rise to the level of a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Further, the amended complaint failed to state a claim for any constitutional violation or for supervisorial liability. As such, on October 14, 2008, the undersigned dismissed the amended complaint without leave to amend, as further amendment attempts would have been futile. (Docket #25). Final judgment was entered on October 15, 2008. (Docket #26).

The Court has reviewed plaintiff's motion for reconsideration of the dismissal order. (Docket #27). Plaintiff has failed to make an adequate showing under either Rule 60(b) or 59(e) that this Court's dismissal of the action should be reversed.

///

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration (Docket #27) of this court's dismissal order is **DENIED.**

DATED this 1st day of April, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE